# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**International Association of**
**Machinists and Aerospace Workers,**
**AFL-CIO and District Lodge 70,**

       **Plaintiffs,**

v.                                                                       **Case No. 10-1124-JWL**

**The Boeing Company,**

       **Defendant.**

## **MEMORANDUM AND ORDER**

This case arises from a dispute between plaintiff District Lodge 70, an affiliate of plaintiff International Association of Machinists and Aerospace Workers (collectively, the "Union"), and the Boeing Company. The Union has filed a complaint under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to compel Boeing to arbitrate a grievance relating to the layoff of David Russell, a former employee at Boeing's manufacturing facility in Wichita, Kansas. Boeing moves for summary judgment on the grounds that the claim is barred by the applicable statute of limitations period. According to Boeing, the court should borrow the six-month statute of limitations period from § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). According to the Union, the court should apply the Kansas five-year limitations period for breach of contract claims. *See* K.S.A. § 60-511. As will be explained, the court concludes that the six-month NLRA limitations period properly applies in the context of this case. The

motion for summary judgment is granted.[1]

Despite the lengthy factual statements set forth by both parties, very few facts are essential to the resolution of Boeing's motion.[2] David Russell, a Boeing employee, was laid off by Boeing in January 2006 and the Union contends (Boeing disputes) that a grievance was filed on behalf of Mr. Russell at that time contending that the layoff of Mr. Russell was in violation of the parties' collective bargaining agreement. The Union and Boeing engaged in numerous discussions attempting to resolve certain issues relating to Mr. Russell's layoff, including Mr. Russell's claims for reinstatement and back pay. In August 2008, Boeing returned Mr. Russell to work and continued to negotiate with the Union concerning Mr. Russell's claim for back pay. In January 2009, Boeing again laid off Mr. Russell and, shortly thereafter, negotiations concerning Mr. Russell's claim for back pay stemming from his January 2006 layoff fell apart.

In March 2009, the Union filed a written grievance relating to Mr. Russell's January 2009 layoff and a separate grievance concerning, as described by the Union, Boeing's "repudiation" of Mr. Russell's back pay claim stemming from his January 2006 layoff. On April 27, 2009, Boeing notified the Union that it was refusing to arbitrate any grievance relating to Mr. Russell's

---

[1] In the alternative, defendant moves for summary judgment on the grounds that the Union failed to file a timely grievance on behalf of Mr. Russell under the terms of the collective bargaining agreement. Because the court concludes that summary judgment is appropriate on the statute of limitations issue, the court need not address defendant's alternative argument.

[2] In accordance with the pertinent standard on summary judgment, the facts relied upon by the court in resolving Boeing's motion are either uncontroverted or related in the light most favorable to the Union as the non-moving party.

2

January 2006 layoff. Nearly one year later, on April 22, 2010, the Union filed this lawsuit seeking to compel arbitration of Mr. Russell's claim for back pay arising from his January 2006 layoff.

The sole question presented by the parties' submissions concerns the appropriate statute of limitations to apply in the context of this action to compel arbitration under § 301 of the LMRA. Boeing asserts that the court should apply the six-month statute of limitations period from § 10(b) of the NLRA. The Union asserts that the court should borrow the Kansas five-year limitations period for breach of contract claims. *See* K.S.A. § 60-511. If Boeing is correct, then it is undisputed that the Union's lawsuit is barred by the statute of limitations as it was filed more than 6 months after Boeing refused arbitration on April 27, 2009. Indeed, the parties agree both that a cause of action to compel arbitration under a collective bargaining agreement accrues when one party "clearly refuses" to arbitrate the dispute, *see Aluminum, Brick & Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053, 1055 (5th Cir. 1990) (collecting cases), and that the accrual date in this particular lawsuit is April 27, 2009.

"Section 301 of the LMRA makes collective bargaining agreements enforceable in federal court, but provides no statute of limitations for claims brought under it." *Edwards v. International Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995) (citing 29 U.S.C. § 185 (1988)). Because the statute is silent on the issue, courts generally assume that Congress "intended the most closely analogous state statute of limitations to apply." *Id.* (citing *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 147 (1987) (Rules of Decision Act usually requires application of statute of limitations and "[g]iven our

3

longstanding practice of borrowing state law, and the congressional awareness of this practice, we can generally assume that Congress intends by its silence that we borrow state law")). Consistent with this general rule, the Supreme Court, in *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966), applied the pertinent state statute of limitations for breach of contract to a § 301 action for damages brought by a union alleging that the employer had breached the collective bargaining agreement with respect to vacation pay allegedly due employees. In *Hoosier Cardinal*, there "was no requirement to arbitrate and the union sued directly on the bargaining agreement." *Garcia v. Eidal Int'l Corp.*, 808 F.2d 717, 720 (10th Cir. 1986). In declining to adopt a uniform federal statute of limitations for § 301 actions, the Court "emphasized that national uniformity is relatively unimportant when an issue does not implicate 'those consensual processes that federal labor law is chiefly designed to promote–the formation of the collective bargaining agreement and the private settlement of disputes under it.'" *Id.* (quoting *Hoosier Cardinal*, 383 U.S. at 702).

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), the Supreme Court was faced with a § 301 action that differed significantly from *Hoosier Cardinal*. Unlike the straightforward § 301 action for breach of the collective bargaining agreement in *Hoosier Cardinal*, *DelCostello* involved a "hybrid" suit by an employee against both the employer and the union, alleging "that the employer had breach a provision of the collective-bargaining agreement, and that the union had breached its duty of fair-representation by mishandling the ensuing grievance-and-arbitration proceedings." *Id.* at 154. The Court applied the six-month statute of limitations prescribed by § 10(b) of the National Labor Relations Act,

4

29 U.S.C. § 160(b). In doing so, the Court distinguished *Hoosier Cardinal* in several respects.

> The Court first noted that *Hoosier Cardinal* did not involve any agreement to submit disputes to arbitration, and that the suit in *Hoosier Cardinal* was brought by the union itself rather than by an individual employee. *DelCostello*, 462 U.S. at 162. Second, the suit in *Hoosier Cardinal* did not involve any of the consensual processes that federal labor law is designed to protect. *Id*. at 163. By contrast, in *DelCostello*, the plaintiff challenged the outcome of the grievance procedure. Therefore, the contractually created method for private settlement of disputes was directly challenged. *Id*. at 165. Finally, unlike the "straightforward" section 301 suit in *Hoosier Cardinal*, which was closely analogous to a common law breach of contract action, the "hybrid" section 301 suit in *DelCostello* had no close analogy in state causes of action. *Id*.

*International Union of Elevator Constructors v. Home Elevator Co.*, 798 F.2d 222, 226 (7th Cir. 1986). According to the Court, the six-month limitation period in § 10(b) of the NLRA, as applied to a "hybrid" § 301 action, appropriately balanced the "national interest in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unfair settlement under the collective bargaining system." *DelCostello*, 462 U.S. at 171.

In light of the "federal policy" concerns described by the Court in both *Hoosier Cardinal* and *DelCostello*, Boeing contends that this case–specifically, an action to compel arbitration under a collective bargaining agreement–warrants applications of the 6-month limitations period set forth in § 10(b) of the NLRA. The weight of Circuit authority clearly favors Boeing's argument.

Indeed, when deciding the appropriate statute of limitations to apply in an action to compel arbitration under § 301, the federal Circuit Courts of Appeals are nearly unanimous in adopting the § 10(b) six-month period. The most recent Circuit to have analyzed the issue is the District

5

of Columbia Circuit. *See Communications Workers of Am. v. AT&T Co.*, 10 F.3d 887 (D.C. Cir. 1993). In resolving the issue back in 1993, the D.C. Circuit first noted that seven Circuits by that time had adopted the six-month limitations period in the context of actions to compel arbitration under § 301. *See id.* at 889 & n.1 (citing *Communications Workers of Am. v. Western Elec. Co.*, 860 F.2d 1137 (1st Cir. 1988); *Associated Brick Mason Contractors of Greater New York v. Harrington*, 820 F.2d 31 (2d Cir. 1987); *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Elec. Corp.*, 736 F.2d 896 (3d Cir. 1984); *Aluminum, Brick and Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053 (5th Cir. 1990); *McCreedy v. Local Union No. 971*, 809 F.2d 1232 (6th Cir. 1987); *United Food & Commercial Workers Local 100A v. John Hofmeister and Son, Inc.*, 950 F.2d 1340 (7th Cir. 1991); *General Teamsters Union Local No. 174 v. Trick & Murray, Inc.*, 828 F.2d 1418 (9th Cir. 1987)).[3] While recognizing that the Eleventh Circuit had somewhat ambiguously endorsed looking to limitations periods under state law, the D.C. Circuit ultimately joined the "overwhelming, almost unanimous" support for the § 10(b) standard. *Id.* at 889, 891.

In so deciding, the D.C.Circuit analyzed the "federal policy at stake, perhaps the most critical and relevant object of inquiry." *Id.* at 890. As explained by the Circuit:

> [A] lengthy limitations period merely extends the time during which the dispute resolution system effectuated by arbitration remains in limbo, with increased possibility of memories fading, witnesses becoming unavailable, and documentary

---

[3]At the time of the D.C. Circuit's opinion, the Eighth Circuit had also held that actions to compel arbitration are governed by the six-month limitations period set forth in § 10(b). *See John Morrell & Co. v United Food and Commercial Workers Int'l Union*, 992 F.2d 205, 207 n.3 (citing *Alcorn v. Burlington N.R.R.*, 878 F.2d 1105, 1108 (8th Cir. 1989)).

> evidence disappearing. Moreover, such a period of purgatory may well interfere with intervening collective bargaining negotiations. In any event, the relationship between an employer and a union would not seem to be strengthened by a prolonged period of uncertainty.

*Id.* Similarly, the Seventh Circuit, looking to *DelCostello*, concluded that a motion to compel arbitration under § 301 is "irrevocably tied to federal labor policy" such that the "federal limitations period [is] significantly more appropriate than the state period." *John Hofmeister & Son*, 950 F.2d at 1348; *see also A.P. Green Refractories*, 895 F.2d at 1055 (lengthier state law limitations period "disserves the federal interest in 'the relatively rapid final resolution of labor disputes'") (quoting *DelCostello*, 462 U.S. at 168)).

At this point, then, ten Circuits have weighed in on the issue of the applicable statute of limitations period in actions to compel arbitration under § 301 and nine of those Circuits have concluded that the six-month period set forth in § 10(b) is more appropriate than a state limitations period in light of the federal labor policies at stake. Only the Fourth and Tenth Circuits have not addressed this issue but district courts within those two Circuits have consistently applied the six-month limitations period set forth in § 10(b) in the context of actions to compel arbitration under § 301. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers' Int'l Union v. ConocoPhillips Co.*, 748 F. Supp. 2d 1315, 1320 (N.D. Okla. 2010); *General Drivers, Warehousemen & Helpers Local Union No. 509 v. Albemarle Corp.*, 2006 WL 1207887, at *3 (D.S.C. May 3, 2006); *United Mine Workers v. Erwin Indus., Inc.*, 675 F. Supp. 1019, 1021 (N.D. W. Va. 1987).

The Union does not attempt to analyze or distinguish any of the numerous cases applying

7

the six-month limitations period from § 10(b) in the context of actions to compel arbitration under § 301. Rather, it simply argues that this case is more analogous to *Hoosier Cardinal* and the Tenth Circuit's opinion in *Garcia* such that the court must look to state law for the applicable limitations period. The court disagrees. This case is not analogous to *Hoosier Cardinal* and, in fact, *Hoosier Cardinal* supports the application of the limitations period set forth in § 10(b) of the NLRA. As explained above, *Hoosier Cardinal* involved an action for damages–not an action to compel arbitration–and in that sense the case was clearly more akin to a breach of contract action. Moreover, *Hoosier Cardinal* did not involve an arbitration clause at all and the Court emphasized that the case did not implicate federal labor policies such as the "private settlement of disputes" under a collective bargaining agreement. Unlike *Hoosier Cardinal*, then, this case is not an action for damages and, accordingly, is not readily analogous to a traditional breach of contract suit. *See Cummings v. John Morrell & Co.*, 36 F.3d 499, 505 (6th Cir. 1994). It is an action to compel arbitration under a collective bargaining agreement–a "creature of federal labor law" implicating important federal policies identified in *Hoosier Cardinal*. *See id.*

Neither is *Garcia* analogous to this case. In Garcia, the Tenth Circuit wrestled with a § 301 suit in which the plaintiffs filed suit against both the employer for breach of the collective bargaining agreement and against the union for breach of the duty of fair representation. 808 F.2d 717, 718 (10th Cir. 1986). Despite the seemingly hybrid nature of the case, and the fact that the collective bargaining agreement contained a comprehensive arbitration clause, the Circuit held that the district court erred in following *DelCostello* and applying the 6-month limitations period contained in § 10(b) of the NLRA. *Id.* at 719. In concluding that the case was more

analogous to a straightforward contract action as in *Hoosier Cardinal*, the Circuit emphasized "one crucial" distinction from a typical hybrid action–plaintiffs' allegation that the employer had "repudiated the grievance and arbitration process as part of its unilateral effort to evade an undesirable bargaining agreement." *Id*. at 721. The Circuit expressly concluded that the federal policy concerns at issue in *DelCostello* were not implicated because the employer had repudiated all of its obligations under the bargaining agreement, including the duty to arbitrate, and had closed down its business. *Id*. at 722.

Ultimately, then, the Circuit held that plaintiffs adequately stated a claim for contract repudiation claim such that the case was properly analogized to an action on a contract and the appropriate state limitations period should be applied. *Id*. at 721. The Circuit noted, however, that the 6-month limitations period would apply if the facts as developed through discovery did not support plaintiffs' allegation that the contract was repudiated. *Id*. at 723. *Garcia*, then, is not applicable to the case here. It is uncontroverted that the parties to this case have an established and continuing relationship. No contractual repudiation is alleged. *Compare International Bhd. of Teamsters v. Sambol Packing Co.*, 1993 WL 34696, at * 1-2 (D. Kan. Jan. 11, 1993) (applying *Garcia* in the context of an action to compel arbitration where the employer denied the existence of a collective bargaining agreement).[4]

---

[4]Insisting that this case is a "straightforward breach of contract" action akin to *Hoosier Cardinal* and *Garcia*, the Union suggests at one point in its brief that their claim is one for "back pay" and that the case alleges a breach of Boeing's "agreement" to pay Mr. Russell's back pay claim. The pretrial order belies that suggestion. In the pretrial order, the parties have stipulated that no agreement was ever reached on Mr. Russell's backpay claim and the Union seeks a judgment compelling Boeing to arbitrate the backpay claim–nowhere does the

In the end, the Union has not persuaded this court that the facts of this case fit within the parameters of *Hoosier Cardinal* or *Garcia* and has offered the court no reason why it should depart from the clear majority of Circuits that have concluded that the 6-month limitations period of § 10(b) applies in the context of § 301 suits to compel arbitration. Accordingly, the court believes that the Tenth Circuit, if faced with the issue, would apply the 6-month limitations period and the court does so here. As it is uncontroverted that this case is time-barred if the 6-month limitations period applies, the court grants Boeing's motion for summary judgment.[5]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. 25) is **granted.**

**IT IS SO ORDERED.**

Dated this 28th day of April, 2011, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

Union seek damages on behalf of Mr. Russell (indeed, the Union expressly does not seek damages).

[5]Although the Union has set forth an equitable estoppel claim in the pretrial order and the parties have briefed this claim in their submissions, those arguments are pertinent only to Boeing's alternative grounds for summary judgment–whether the Union timely filed a grievance on behalf of Mr. Russell.